**Diane S. Sykes, OSB 980990**
diane@dianessykeslaw.com
5911 SE 43rd Avenue
Portland, Oregon 97206
Telephone: (503) 504-7176

**Sean J. Riddell, OSB 013943**
sjr@seanjriddellpc.com
2905 NE Broadway Street
Portland, Oregon 97232
Telephone: (971) 219-8453

**Of Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **RICHARD CHRISTENSEN**, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> **CURRY COUNTY,** a public body; **BRAD ALCORN**, an individual; **CHRIS PAASCH**, an individual; **DAVID BARNES**, an individual; **JOHN WARD**, an individual; and **MICHAEL E. FITZGERALD**, an individual. <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> Violations of 42 U.S.C. § 1983; Discrimination on the Basis of Disabilities under the Americans with Disabilities Act (ADA), 42 U.S.C. 12112; Unlawful employment practices on the basis of disabilities, ORS 659A.112;Whistleblower Retaliation, ORS 659A.199, ORS 659A.203; Opposing an Unlawful Practice, ORS 659A.030(1)(f); Aiding, abetting, inciting, compelling or coercing violations of unlawful employment practices; ORS 659A.030(1)(g); Wrongful Discharge. <br><br> **DEMAND FOR JURY TRIAL** |

PAGE - 1  **COMPLAINT**

**INTRODUCTION**

1.

Richard Christensen ("Plaintiff") is the former Roadmaster for Curry County ("County"). In this capacity, Plaintiff was responsible for all county roads over a 225-mile radius. Plaintiff reported to the Curry County Board of Commissioners ("BOC"). At the time of these events, Brad Alcorn ("Alcorn") and Chris Paasch ("Paasch") served as Curry County BOC Commissioners, David Barnes ("Barnes") served as Treasurer, John Ward, served as Curry County Sheriff ("Ward") and Michael E. Fitzgerald ("Fitzgerald") served as County Counsel, Board of Commissioner Administrator, Interim Director of County Operations, Risk Manager and Planning Director.

Throughout the duration of Plaintiff's employment, Plaintiff reported concerns with the County and its agents about Defendants' misuse of Road Fund Reserves ("RFR"). ORS 368.706 permits the allocation of state highway funds only for the purpose of funding costs for law enforcement patrolling. From May, 2021 until Plaintiff's termination of employment on February 28, 2022, Plaintiff brought his concerns to BOC members, department heads, elected officials, Defendant County Treasurer Barnes, Defendant Michael Fitzgerald and Human Resources. Plaintiff expressed his good faith belief that the Sheriff's Office was appropriating funds for unlawful purposes, such as backfilling the Sheriff's Office budget. Plaintiff called for transparency with respect to expenditure of funds and was openly critical of the Treasurer's assessment of the length of time in which RFR would be depleted.

In December, 2022, Plaintiff reported harassment that he received from members of the BOC and Treasurer Barnes to Human Resources and Defendant Fitzgerald. In January, 2023,

PAGE - 2  **COMPLAINT**

Defendants were aware that Plaintiff took medical leave due to medical conditions which developed as a result of workplace harassment and stress. At the time of these events, an accounting firm, Moss Adams, was conducting an audit of the county's use of RFR. In February, 2023, Plaintiff contacted Moss Adams to report what he believed to be misuse of RFR. Plaintiff was terminated shortly thereafter.

## JURISDICTION AND VENUE

2.

Plaintiff's claims arise under federal laws 42 U.S.C. § 1983 and the First and Fourteenth Amendment to the United States Constitution, and the federal Americans with Disabilities Act, 42 U.S.C. § 12111 et seq., making federal court jurisdiction proper under 28 U.S.C. § 1343 and 28 U.S.C. § 1331. State law claims arise out of the same common nucleus of operative fact and, therefore, this Court may exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

3.

Defendants are located in Curry County, Oregon and the events underlying this Complaint took place there, making venue proper in the District of Oregon, Medford District.

## PARTIES

4.

Plaintiff Richard Christensen (hereinafter "Christensen" or "Plaintiff"), at the time of filing and at all material times, was a resident of Curry County, Oregon. Plaintiff is an employee, pursuant to ORS 659A.001(3), 659A.104(1) and 42 U.S.C.§ 12111(4), as well as a "person" pursuant to ORS 659A.001(9)(a).

PAGE - 3 **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

5.

Curry County ("County" or "Defendant") is an Oregon public body and at all material times hereto was authorized and chartered by the laws of Curry County.

6.

At all material times, the County employed Brad Alcorn as a county commissioner, budget committee member and agent of Curry County, acting under color of law, and he is sued in his individual capacity. At all material times, Defendant Alcorn was acting pursuant to the County's practices or customs and was a resident of Curry County. Defendant Alcorn was a final policy maker when serving as a county commissioner.

7.

At all material times, the County employed David Paasch as a county commissioner and agent of Curry County, acting under color of law, and is also sued in his individual capacity. At all material times, Defendant Paasch was acting pursuant to the County's practices or customs and was a resident of Curry County. Defendant Paasch was a final policy maker when serving as a county commissioner.

8.

At all material times, the County employed David Barnes as a Treasurer, employee, and agent of Curry County, acting under color of law, and he is sued in his individual capacity. At all material times, Defendant Barnes was acting pursuant to the County's practices or customs and was a resident of Curry County. Defendant Barnes was a final policy maker when serving as a county treasurer.

///

PAGE - 4  **COMPLAINT**

9.

At all material times, John Ward was the elected Sheriff, appointed by the Curry County BOC and an agent of Curry County, acting under color of law, and he is sued in his individual capacity. At all material times, Defendant Ward was acting pursuant to the County's practices or customs and was a resident of Curry County. Defendant Ward was a final policy maker when serving as Sheriff.

10.

At all material times, the County employed Michael Fitzgerald as County Counsel, Board of Commissioner Administrator, Interim Director of County Operations and Risk Manager and agent of Curry County, acting under color of law, and he is sued in his individual capacity. At all material times, Defendant Fitzgerald was acting pursuant to the County's practices or customs and was a resident of Curry County. Defendant Fitzgerald was a final policy maker when serving as County Counsel, Board of Commissioner Administrator, Interim Director of County Operations and Risk Manager and Planning Director.

11.

The County is an "employer" and "person" pursuant to 42 U.S.C.§ 12111(5), ORS 659A.001 and ORS 659A.106, and a "public employer" pursuant to ORS 659A.203. The County and its agents and employees are "persons" for purposes of ORS 659A.001(9)(b) and 42 U.S.C. § 1983.

12.

The County is liable for the tortious conduct of its agents and employees, pursuant to ORS § 30.265(1) and ORS § 30.285(1) and the common law theory of Respondeat Superior.

PAGE - 5   **COMPLAINT**

**TORT CLAIM NOTICE**

13.

On June 6, 2023, Plaintiff provided timely notice of all necessary claims to all necessary parties pursuant to ORS 30.275

**FACTUAL ALLEGATIONS**

14.

On or about December 27, 2017, Plaintiff began his employment with Curry County as the County Roadmaster. In this capacity, Plaintiff was responsible for all county roads over a 225-mile radius. He was further tasked with planning, budgeting and implementing the county's strategic and road master plan. Plaintiff reported directly to the Curry County Board of Commissioners ("BOC").

15.

In 1988, the BOC created a Capital Improvement Road Fund Reserve to stabilize county road funding when the future of Forest Receipts and federal and state funding was uncertain.

16.

On or around January 9, 2018, Plaintiff was introduced to Curry County Sheriff John Ward. Upon introduction, Sheriff Ward asserted that he would appropriate Road Fund Reserves ("RFR") to backfill funding for the Sheriff's Department. ORS 368.706 permits the allocation of state highway funding only for the purpose of funding direct and indirect costs for law enforcement patrolling.

///

///

PAGE - 6  **COMPLAINT**

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

17.

On May 12, 2021, Plaintiff submitted a letter to the BOC and its Budget Committee conveying his concerns about the level of funding allocated to the Sheriff's Office over the prior 9-year period. Plaintiff voiced opposition to the proposal to allocate $2.5 million to the Sheriff's Office from the RFR because of the need to use those funds for Road Master Plan Projects.

18.

On December 13, 2021, Plaintiff sent a letter to John Jeszuit, BOC administrative assistant, requesting to include, as a BOC agenda item, a BOC Workshop on the spending authority of department heads and elected officials in response to his concerns about Sheriff's Office spending authority. Plaintiff conveyed his belief that the Sheriff's Office was utilizing road funds for purposes other than patrolling, in violation of ORS 368.706. He requested a peer review by County Counsel, Finance Director, HR and the Board of Commissioners. Based on information and belief, no peer review was conducted.

19.

Between January and February, 2022, Plaintiff met with County Counsel, BOC members, Human Resources and the Finance Director to discuss potential mismanagement and misuse of RFR funds by the County and his plan to put on a workshop at the February 16, 2022 BOC public meeting about county spending authority.

20.

On February 16, 2022, Plaintiff sponsored two Curry County BOC workshops about Curry County's compliance with the Curry County Strategic Plan, specifically with respect to financial stability and public trust of funds. At the workshop, Plaintiff reported his good faith

 PAGE - 7  **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

belief that the use of RFR to backfill revenue sheriff budget shortfalls was not authorized or sustainable. He proposed to support a General Fund Tax Levy or Sheriff Department Tax Levy to fill the shortfall instead. Plaintiff called for transparency with respect to use and expenditure of county funds.

21.

On February 18, 2022, Defendant Sheriff John Ward lodged a written complaint against Plaintiff with Curry County Human Resources alleging that Plaintiff had engaged in "misconduct and insubordination" for sponsoring BOC Workshops where Plaintiff discussed his concerns and beliefs about the mismanagement of county funds. Sheriff called for Plaintiff's termination.

22.

On February 22, 2022, Defendant Barnes, BOC Treasurer, filed a written complaint against Plaintiff Christensen with Human Resources, indicating that Plaintiff's termination was imminent and accusing Plaintiff of providing "false and misleading financial information to the Board of Commissioners," "knowingly and maliciously making false allegations against the Curry County Sheriff" and "using incomplete and false data information to create a false public alarm" Treasurer Barnes called for Plaintiff's immediate termination.

23.

In approximately March of 2022, Mr. Christensen met personally with each Board member and County Counsel to discuss the Sheriff's request for $4.7 million in RFR and the Treasurer's public misrepresentations about the longevity of county reserves. Plaintiff participated in budget meetings on March 28 and 31, 2022 where he raised these concerns as well.

PAGE - 8  **COMPLAINT**

24.

In May and June of 2022, Plaintiff Christensen was called into BOC Executive Sessions and threatened with discipline and/or termination for his vocal opposition to the county's financial practices.

25.

On October 19, 2022, Plaintiff requested approval from the BOC to hire accounting firm Moss Adams to audit the County's use of RFR funds.

26.

On November 15, 2022, the BOC voted to approve funding for a Moss Adams audit.

27.

On December 15 and 16, 2022, Plaintiff contacted Curry County HR and County Counsel to file a written complaint against Treasurer Barnes and Commissioner Paasch due to their public shaming and harassment following Plaintiff's February 2022 presentation to the BOC on RFR spending and use. Based on information and belief, Defendants took no action to investigate Plaintiff's complaints or remedy harassment by defendants Barnes and Paasch.

28.

Instead, Defendant Fitzgerald launched an investigation against Plaintiff for alleged violations of county email policies in order to justify Plaintiff's pretext termination. Defendant Fitzgerald had never investigated other county employees for their use of county email prior to that time.

///

///

PAGE - 9  **COMPLAINT**

29.

In the course of doing so, Defendant Fitzgerald discovered emails from Plaintiff to another public employee where he disclosed the existence of and treatment for medical conditions which had developed due to workplace stress and harassment.

30.

On January 25, 2023, Plaintiff's medical provider placed Plaintiff on medical leave until February 2, 2023 due to significant health conditions.

31.

On or about February 9 and 10, 2023, Plaintiff contacted Moss Adams to report what he believed to be the Sheriff's Office's unauthorized diversion of money from the RFR and the County's violation of State Highway Fund restrictions.

32.

On February 21, 2023, Plaintiff further reported to HR that he continued to be subjected to public ridicule, threats and personal attacks by the Commissioners. Plaintiff requested another Commissioner liaison due to the appointed Commissioner's harassment.

33.

On February 24, 2023, a representative of the Association of Oregon Counties (AOC) contacted Moss Adams to report the County's potential violations of State Highway Funding restrictions and requested that Moss Adams meet with Plaintiff to further discuss his concerns.

34.

On February 28, 2023, the Board of Commissioners terminated Mr. Christensen's employment under the pretext of alleged violations of county email use policies, despite the

PAGE - 10   **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

county's historical acquiescence to this common employee practice and its knowledge of Plaintiff's alleged violations back in December 2022, and state law.

35.

On April 12, 2023, nearly two months after Plaintiff's termination, Defendant Fitzgerald sent a letter to the Oregon State Police, claiming that Plaintiff had engaged in alleged election law violations, in retaliation to Plaintiff's opposition to the County's financial practices and due to Plaintiff's perceived or actual disabilities.

36.

Plaintiff asserts that he was retaliated against for opposing what he, in good faith, believed to be the county's waste, fraud mismanagement, abuse of authority and violations of state, federal law, rule or regulation.

37.

On May 2, 2023, Oregon Employment Department held a hearing on Plaintiff's application for unemployment benefits. Defendant Fitzgerald testified that Defendants fired Plaintiff because they feared that Plaintiff would file a stress claim after discovering email communications by plaintiff disclosing health conditions which he attributed to workplace harassment.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### United States Constitution, First Amendment

### Against all Defendants

///

PAGE - 11  **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

38.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

39.

Plaintiff was a vocal opponent of what he believed to be Defendants' waste, fraud and mismanagement of road funds.

40.

Plaintiff's concerns were raised at public meetings, to HR, legal counsel and other county agents, and raised a significant matter of public concern.

41.

Defendants terminated Plaintiff's employment due to his vocal and persistent expression of opposition to a significant matter of public concern.

42.

The acts of Defendants described herein were taken under color of state law.

43.

By the acts described above, Defendants deprived Plaintiff Christensen of his free speech as guaranteed by the First Amendment

44.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has incurred economic losses, including but not limited to lost income, lost benefits and seniority and medical expenses. The losses are continuing to accrue daily and will be determined by a jury at the time of trial.

PAGE - 12  **COMPLAINT**

45.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff Christensen has suffered loss of future income and impairment of earning capacity in an amount to be determined by a jury at the time of trial.

46.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff Christensen suffered significant emotional distress, humiliation, damage to his reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial, pursuant to 42 U.S.C. §§ 1983, 1988.

47.

Plaintiff is entitled to reimbursement of his reasonable attorney fees and costs, pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983**

**United States Constitution, Fourteenth Amendment (Due Process Liberty Interest)
Against all Defendants**

48.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

49.

Defendants created and distributed a false and defamatory impression of Plaintiff in connection with his termination which impairs Plaintiff's reputation for honesty and morality.

PAGE - 13  **COMPLAINT**

50.

The acts of Defendants described herein were taken under color of state law.

51.

By the acts described above, Defendants deprived Plaintiff Christensen of his right to free speech, as guaranteed by the First Amendment and a protected liberty interest without due process of law, as guaranteed by the Fourteenth Amendment.

52.

Plaintiff's exercise of constitutionally protected conduct was a substantial or motivating factor in Defendants' actions to discriminate, retaliate and terminate Plaintiff's employment.

53.

Plaintiff had a federal statutory right to be free from workplace discrimination and retaliation, secured under state and federal law, which created an individual right and liberty interest.

54.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has incurred economic losses, including but not limited to lost income, lost benefits and seniority and medical expenses. The losses are continuing to accrue daily and will be determined by a jury at the time of trial.

55.

As a direct and proximate result of Defendant's unlawful acts, Plaintiff Christensen has suffered loss of future income and impairment of earning capacity in an amount to be determined by a jury at the time of trial.

PAGE - 14   **COMPLAINT**

56.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff Christensen suffered significant emotional distress, humiliation, damage to his reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. §§ 1983, 1988.

57.

Plaintiff is entitled to reimbursement of his reasonable attorney fees and costs, pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. 12112**

**Discrimination on the Basis of Disabilities under the Americans with Disabilities Act (ADA)**

**Against all Defendants**

58.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

59.

Defendants harassed Plaintiff and terminated him from employment, in substantial part, due to Plaintiff's disclosure of medical conditions, for taking medical leave, based on Plaintiff's actual or perceived disabilities and Defendants' stated goal to prevent a "premeditated stress claim."

///

///

PAGE - 15   **COMPLAINT**

60.

In violation of 42 U.S.C.§ 12112, Defendants discriminated against Plaintiff, who was a qualified individual, on the basis of perceived or actual disabilities, in regard to discharge, compensation and other terms, conditions, and privileges of employment.

61.

Pursuant to 42 U.S.C. § 12117, plaintiff requests economic damages for lost wages, medical expenses, employment benefits or other compensation denied or lost, plus interest, to be determined by a jury at the time of trial.

62.

Pursuant to 42 U.S.C. § 12117, plaintiff requests non-economic damages for pain, suffering, anxiety, loss of self-esteem, loss of reputation and emotional distress in an amount to be determined by a jury at the time of trial.

63.

Plaintiff requests injunctive relief, pursuant to 42 U.S.C. § 12117, to restrain Defendants from engaging in existing and future violations of the ADA, and as the court otherwise directs.

64.

Plaintiff hired legal counsel to prosecute his claim and is entitled to reasonable attorneys' fees and costs incurred, including expert witness fees, pursuant to 42 U.S.C. § 12205 and ORS 20.107.

**FOURTH CLAIM FOR RELIEF**

**ORS 659A.112(1): Unlawful Employment Practices on the Basis of Disabilities**

**Against All Defendants**

PAGE - 16  **COMPLAINT**

65.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

66.

In violation of ORS 659A.112(1), Defendants engaged in unlawful employment practices by discriminating against Plaintiff in compensation or in terms, conditions or privileges of employment, by creating and maintaining a hostile work environment and discharging Plaintiff due to his perceived or actual disabilities.

67.

Pursuant to ORS 659A.885(1), plaintiff requests economic damages, for lost wages, medical expenses, employment benefits or other compensation denied or lost, in an amount to be determined by a jury at the time of trial.

68.

Pursuant to ORS 659A.885(3), plaintiff requests non-economic damages for pain, suffering, anxiety, loss of self-esteem, emotional distress and suffering in the amount to be determined by a jury at the time of trial.

69.

Plaintiff requests injunctive relief, pursuant to ORS 659A.885(1), to restrain Defendants from engaging in existing and future violations of ORS Ch. 659A and as the court otherwise directs.

///

///

PAGE - 17  **COMPLAINT**

70.

Plaintiff hired legal counsel to prosecute his claim and is entitled to reasonable attorneys' fees, costs, disbursements, expert fees and litigation expenses incurred, pursuant to ORS 659A.885(1) and ORS 20.107.

### FIFTH CLAIM FOR RELIEF

### ORS 659A.199: Whistleblower Retaliation

### Against Defendant Curry County

71.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

72.

By the acts described above, Defendant Curry County discriminated and retaliated against Plaintiff Christensen by terminating his employment for the reason that he in good faith reported information that Plaintiff believed was evidence of a violation of state or federal law, rule or regulation, in violation of ORS 659A.199.

73.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen has incurred economic losses, including but not limited to lost income, lost benefits and seniority, and medical expenses. The losses continue to accrue daily and will be determined by a jury at the time of trial.

///

///

PAGE - 18  **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

74.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen has suffered loss of future income and impairment of earning capacity in an amount to be determined by a jury at the time of trial.

75.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen suffered significant emotional distress, humiliation, damage to his reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

76.

Plaintiff hired legal counsel to prosecute his claim and is entitled to reasonable attorneys' fees, costs, disbursements, expert fees and litigation expenses incurred, pursuant to ORS 659A.885(1) and ORS 20.107.

## SIXTH CLAIM FOR RELIEF

### ORS 659A.203: Whistleblower Retaliation Against Public Employee

### Against Defendant Curry County

77.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

///

///

///

PAGE - 19   **COMPLAINT**

78.

By the acts described above, Defendant Curry County, a public employer, terminated Plaintiff Christensen for the reason that he disclosed information that he believed was evidence of:

(a) federal, state or local law, rule or regulation; and

(b) mismanagement, gross waste of funds or abuse of authority resulting from action of defendant Curry County, in violation of ORS 659A.203.

79.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen has incurred economic losses, including but not limited to lost income, lost benefits and seniority, and medical expenses. The losses continue to accrue daily and will be determined by a jury at the time of trial.

80.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen has suffered loss of future income and impairment of earning capacity in an amount to be determined by a jury at the time of trial.

81.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen suffered significant emotional distress, humiliation, damage to his reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

///

PAGE - 20  **COMPLAINT**

82.

Plaintiff hired legal counsel to prosecute his claim and is entitled to reasonable attorneys' fees, costs, disbursements, expert fees and litigation expenses incurred, pursuant to ORS 659A.885(1) and ORS 20.107.

### SEVENTH CLAIM FOR RELIEF

### ORS § 659A.030(1)(f)

### Retaliation for Opposing Any Unlawful Practice Under Chapter 659A

### Against All Defendants

83.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

84.

By the acts described above, Defendants discharged, expelled and otherwise discriminated against Plaintiff because he opposed unlawful practices, under ORS 659A.199 and ORS 659A.203, in violation of ORS 659A.030(1)(f).

85.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen has incurred economic losses, including but not limited to lost income, lost benefits and seniority, and medical expenses. The losses continue to accrue daily and will be determined by a jury at the time of trial.

///

///

PAGE - 21  **COMPLAINT**

86.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen has suffered loss of future income and impairment of earning capacity in an amount to be determined by a jury at the time of trial.

87.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen suffered significant emotional distress, humiliation, damage to his reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

88.

Plaintiff hired legal counsel to prosecute his claim and is entitled to reasonable attorneys' fees, costs, disbursements, expert fees and litigation expenses incurred, pursuant to ORS 659A.885(1) and ORS 20.107.

**EIGHTH CLAIM FOR RELIEF**

**ORS § 659A.030(1)(g)**

**Retaliation for Opposing Any Unlawful Practice Under Chapter 659A**

**Against All Defendants**

89.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

///

///

PAGE - 22  **COMPLAINT**

90.

By the acts described above, Defendants aided, abetted, compelled, coerced and/or incited each other to violate unlawful practices under ORS 659A.199, ORS 659A.203 and ORS 659A.112 and ORS 659A.030(1(f).

91.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff Christensen has incurred economic losses, including but not limited to lost income, lost benefits and seniority, and medical expenses. The losses continue to accrue daily and will be determined by a jury at the time of trial.

92.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff Christensen has suffered loss of future income and impairment of earning capacity in an amount to be determined by a jury at the time of trial.

93.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff Christensen suffered significant emotional distress, humiliation, damage to his reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

94.

Plaintiff Christensen is entitled to reimbursement of his reasonable attorney fees, witness fees, expert fees, litigation expenses and costs pursuant to ORS 659A.855 and ORS 20.107.

///

PAGE - 23  **COMPLAINT**

## NINTH CLAIM FOR RELIEF

### Wrongful Discharge

### Against Defendant Curry County

95.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

96.

By the acts described above, Plaintiff Christensen fulfilled important public duties and exercised important employment rights, including but not limited to disclosing what Plaintiff, in good faith, believed was defendant Curry County's violations of state or federal law, rules or regulations and disclosing waste of public funds, mismanagement and abuse of authority.

97.

Defendant Curry County wrongfully discharged Plaintiff Christensen because he fulfilled an important public duty and exercised important employment-related and civil rights.

98.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen has incurred economic losses, including but not limited to lost income, lost benefits and seniority, and medical expenses. The losses continue to accrue daily and will be determined by a jury at the time of trial.

///

///

///

PAGE - 24  **COMPLAINT**

99.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen has suffered loss of future income and impairment of earning capacity in an amount to be determined by a jury at the time of trial.

100.

As a direct and proximate result of Defendant Curry County's unlawful acts, Plaintiff Christensen suffered significant emotional distress, humiliation, damage to his reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial.

///

///

///

///

///

///

///

///

///

///

///

///

PAGE - 25  **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, in amounts to be determined at trial, as follows:

1. Economic damages in the form of lost wages and benefits, and prejudgment interest;

2. Consequential damages, including loss of future income and impairment of earning capacity;

3. Compensatory damages;

4. Reasonable attorney fees, witness fees, expert fees, litigation expenses and costs; and

5. Such other relief as the Court deems just and equitable.

DATED this 18th day of January, 2024.

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**

s/   Diane S. Sykes
Diane S. Sykes, OSB #980990

[AND]

s/       Sean Riddell
Sean Riddell, OSB #013943

*Of Attorneys for Plaintiff Richard Christensen*

PAGE - 26  **COMPLAINT**